UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BURT LEON SETTS,

    Petitioner,

v.                                    Case No.: 2:25-cv-00521-SPC-NPM

JARED ANDERSON,

    Respondent,
_____/

## OPINION AND ORDER

    Before the Court is Petitioner Burt Leon Setts' Petition Under 28 U.S.C. § 2241 by a Person in Custody Pursuant to a State Court Judgment (Doc. 1). Setts is an involuntarily committed resident of the Florida Civil Commitment Center. Setts was convicted of sexual battery and second-degree murder in 1983. Following completion of the prison sentence, a state court presumably deemed Setts a sexually violent predator and committed him under Florida's Jimmy Ryce Act, codified as Fla. Stat. 394.910-394.932.

    In his petition, Setts challenges certain aspects of his 1983 state conviction and argues the civil commitment court lacked jurisdiction over him because the criminal conviction was void. Setts filed the petition in the Tallahassee Division of the Northern District of Florida. The Tallahassee court accurately explained that Setts cannot challenge the state conviction under 28 U.S.C. § 2254 because (1) he is no longer in custody pursuant to the 1983

conviction and (2) the Eleventh Circuit has not authorized Setts to file a successive habeas petition. (Docs. 4 and 7). The court noted that Setts might be able to challenge his civil commitment under § 2241 and transferred the case to this Court, which serves the county where Setts is confined.

Setts is not entitled to relief under § 2241 because he does not allege or demonstrate that he has exhausted his claims in state court. *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005). In fact, Setts states the direct appeal of his civil commitment proceeding is currently pending. Principles of equity, comity, and federalism require the Court to abstain from interfering in the state civil commitment proceeding. *See Younger v. Harris*, 401 U.S. 37, 45 (1971) (stating "absent extraordinary circumstances" federal court should not enjoin state criminal proceedings); *see also Newsome v. Broward Cnty. Public Defenders*, 304 F. App'x 814, 815 (11th Cir. 2008) (applying the *Younger* abstention doctrine to civil-commitment proceedings under Florida's Jimmy Ryce Act). Setts provides no reasons for this Court to overlook the abstention principle. Nor does he allege any facts that warrant application any exception to the *Younger* doctrine. *See Hughes v. Attorney Gen. of Fla.*, 377 F.3d 1258, 1263 n.6 (11th Cir. 2004).[1]

---

[1] Noting the Supreme Court in *Younger* set three exceptions to the abstention doctrine: "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised." *Ibid.*

## Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Because Setts is not entitled to habeas corpus relief, the Court must now consider whether he is entitled to a certificate of appealability. It finds that he is not.

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability ("COA"). "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Setts must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller–El*, 537 U.S. at 335-36. Setts has not made the requisite showing.

Accordingly, it is now

**ORDERED:**

1. Petitioner Burt Leon Setts' Petition Under 28 U.S.C. § 2241 by a

Person in Custody Pursuant to a State Court Judgment (Doc. 1) is **DISMISSED without prejudice**.

2. The Clerk is **DIRECTED** to terminate all pending motions and deadlines, enter judgment, and close this file.

3. Setts is not entitled to a certificate of appealability.

**DONE** and **ORDERED** in Fort Myers, Florida on June 23, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA:   FTMP-1
Copies:  All Parties of Record